# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINE LINDEMANN,

                             Appellant,

v.

DOUGLAS F. MANN,

                             Appellee.

Case No. 17-CV-180-JPS

**ORDER**

On February 7, 2017, Appellant Christine Lindemann ("Lindemann") filed the instant appeal of the bankruptcy court's January 26, 2017 "Order Approving the Sale of the Bankruptcy Estate's Beneficial Interest in the Testamentary Trust of Rene von Schleinitz (The 'Trust')." (the "Sale Order") (Docket #1-1 at 16-19). After some delays and procedural missteps, Lindemann's brief in support of her appeal was received on April 26, 2017. (Docket #10). Two days later, Appellee Douglas F. Mann ("Mann"), trustee of Lindemann's bankruptcy estate, filed a motion to dismiss the appeal. (Docket #11). Lindemann responded to the motion to dismiss on May 1, 2017. (Docket #13). Mann also filed his brief in response to the appeal on May 18, 2017. (Docket #18). No further briefing has been received on either the motion to dismiss or the appeal itself. Also on May 1, 2017, Lindemann filed a motion to stay the sale that is the subject of the Sale Order (the "Sale") pending disposition of this appeal. (Docket #14). That motion is fully briefed. (Response, Docket #15; Reply, Docket #17). The Court need not reach the briefing on the appeal itself because, as described below, the motion to dismiss must be granted.

Lindemann's bankruptcy estate had an interest in the Rene von Schleinitz trust (the "Trust"). (Docket #1-1 at 16). Mann moved the bankruptcy court to approve sale of that interest. *Id.* After providing notice to all interested parties and conducting multiple hearings, the bankruptcy court granted Mann's motion and approved the Sale. *Id.* at 16-18. The Sale Order made three findings in that vein: 1) Mann had the legal authority to sell Lindemann's interest in the Trust; 2) Mann could sell that interest to Arvonus Realty Corporation ("Arvonus"), and directed Mann to consummate the sale by accepting the buyer's money and filing various subordination agreements; and 3) Arvonus was a "good faith purchaser for reasonable value." *Id.* at 18-19. Mann represents that the Sale was completed on or about January 27, 2017. (Docket #11 at 2).[1]

Lindemann has filed a number of motions since the Sale. On February 1, 2017, she moved for a stay of "the trustee's distribution of proceeds from the debtor's bankruptcy estate" resulting from the Sale. *In re Lindemann*, 16-25706-GMH, (E.D. Wis. Bankr.), (Docket #118). The motion argued that the bankruptcy court should stay the sale pending resolution of a petition Lindemann filed in Wisconsin probate court. *Id.* The bankruptcy court denied that motion on February 7, 2017, noting that

---

[1]Mann's brief states that "[t]he subordination agreements [were filed on] January 27, 2017, and the transaction has been consummated in accordance with the terms of the Bankruptcy Court Order. (Dkt. #1-1, p. 13.)." (Docket #11 at 2). The citation, which is to the bankruptcy case docket sheet, shows that the subordination agreements were indeed filed on that date. It does not, however, give a date for the transfer of funds completing the Sale. *See* (Docket #1-1 at 18) ("Upon Arvonus' tender of $197,000 to Trustee, and filing of a subordination [agreements] . . ., the Debtor's full beneficial interest in the Trust is transferred to Arvonus without further documentation or Court order."). The Court nevertheless presumes that, given Mann's representation, the transfer occurred that same day. *See also* (Docket #15 at 1; Docket #18 at 8).

> the debtor has not cited any authority for the proposition that the court should issue a stay of the trustee's distribution of the proceeds from that sale to await the outcome of state-court litigation. Compare 11 U.S.C. § 363(m) (appellate court's reversal or modification of sale order has no effect on good faith purchasers unless the court stays the sale order pending appeal).

*Id.*, (Docket #124). As noted above, Lindemann filed her notice of appeal to this Court that same day. On April 10, 2017, Lindemann finally moved the bankruptcy court to stay the sale itself pending her instant appeal. *Id.*, (Docket #155). The bankruptcy court heard the motion on April 28, 2017 and denied it. *Id.*, (Docket #173 and #175). In both the hearing and the later-filed minutes, the bankruptcy court noted that the sale had already been concluded and so the requested stay was moot. *Id.*

Mann's motion to dismiss presents the same mootness argument he used to oppose the April 10 motion to stay in the bankruptcy court. Mann's position relies on the Seventh Circuit's recent opinion in *Lardas v. Grcic*, 847 F.3d 561 (7th Cir. 2017). That case involved, *inter alia*, a sale of property in bankruptcy. *Id.* at 566-67. The bankruptcy court had ordered the sale of certain property, and an appeal was taken of that order. *Id.* The Court of Appeals did not reach the merits of the sale order because the appeal had become moot. *Id.* at 567. The court reasoned:

> [The debtor] opposed the sale of his interest in WSP through a motion to compel the trustee to abandon that property and through an objection to the trustee's motion to sell. The bankruptcy court denied the motion to compel abandonment and approved the sale over [the debtor's] objection. At that point, if [the debtor] wanted to seek judicial review of the sale order, he should have moved for a stay pursuant to Federal Rule of Bankruptcy Procedure 8007(a)(1)(A), thereby preserving the status quo.

Under 11 U.S.C. § 363(m), the reversal on appeal of an authorized sale "does not affect the validity of a sale. . .to an entity that purchased. . .property in good faith. . .unless such authorization and such sale. . .were stayed pending appeal." In light of this safe harbor provision, we have "repeatedly held that when a party challenges the bankruptcy court's order approving the sale of estate property to a good faith purchaser, it must obtain a stay of that order pending appeal, lest the sale proceed and the appeal become moot." *In re River West Plaza–Chicago, LLC*, 664 F.3d 668, 671 (7th Cir. 2011), quoting *In re CGI Industries, Inc.*, 27 F.3d 296, 299 (7th Cir. 1994) (collecting cases).

*Id.* at 567-68.

As found by the bankruptcy court in deciding Lindemann's underlying motion to stay, *Lardas*' application here is clear. The Sale was completed on January 27, 2017. Lindemann's first motion to stay in the bankruptcy court sought to stay distribution of the proceeds of the Sale, not to prevent the Sale itself. In fact, the first time Lindemann sought to stop the Sale was her April 10 motion. By then, however, the Sale was long since concluded. Lindemann's appeal is of an order to sell property, and if she wanted to preserve her right to appeal that order, she needed to move to stay the Sale Order before the Sale was consummated. *Lardas*, 847 F.3d at 567. Lindemann failed to do so and her appeal has become moot. Lindemann's opposition to the motion to dismiss makes no attempt to distinguish *Lardas*. *See generally* (Docket #13).

One wrinkle remains, however. As cited by the bankruptcy court and *Lardas*, 11 U.S.C. § 363(m) provides that a sale completed pursuant to a bankruptcy court's approval cannot be undone, even if the order approving the sale is later reversed, as long as the buyer purchased the property in good faith. *Lardas*, 847 F.3d at 567. Conversely, "[t]he safe harbor in section

363(m) does not apply if the sale was not conducted in good faith." *Id.* at 568. While Lindemann's other briefing argues bad faith as a reason to reverse the Sale Order, she makes no mention of the issue in her response to the motion to dismiss. See (Docket #10 and #17). The Court is reluctant to act as her legal advisor and insert that argument into her brief opposing the motion to dismiss. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

Even assuming the argument was properly presented by Lindemann, the Court would reject it. The majority of her "bad faith" contentions in those other documents relate to one of the purchaser's alleged violations of his fiduciary duties as a trustee of the Trust, not to bad faith in the Sale transaction itself. (Docket #10 at 8-11 and #17 at 2-4). As the remainder, *Lardas* again provide the answer:

> In its sale order, the bankruptcy court explicitly found that the Grcics were "good faith purchasers" and that the sale was "conducted at arms-length without fraud, collusion, or undue influence by the purchasers." The bankruptcy court reached these findings after three hearings and the submission of affidavits by the Grcics, the contents of which Christofalos failed to rebut. These findings are reviewable only for clear error, [*Hower v. Molding Sys. Eng. Corp.*, 445 F.3d 935, 938 (7th Cir. 2006)], and there was no such error here.

*Lardas*, 847 F.3d at 568. The bankruptcy court expressly found that Arvonus was a good faith purchaser after extensive briefing and multiple hearings. (Docket #1-1 at 19); *In re Lindemann*, (Docket #71 and #108). Lindemann's briefing in this action simply rehashes the factual contentions the bankruptcy court considered and rejected in making that determination. *Compare* (Docket #10 at 6-8) *with In re Lindemann*, (Docket #55 at 1-5). The Court finds no clear error in the bankruptcy court's finding of good faith. As discussed at the hearing, Arvonus's offer was substantial and was, in

fact, the only offer to purchase Lindemann's interest in the Trust. Mann solicited other offers but none arose, even among Lindemann's own family members.[2]

In light of *Lardas*' command, the Court must grant Mann's motion to dismiss this appeal.[3] Given the disposition of the motion to dismiss, Lindemann's motion to stay must be denied as moot.

Accordingly,

**IT IS ORDERED** that the appellee's motion to dismiss (Docket #11) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the appellant's motion to stay (Docket #14) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[2]Lindemann has proceeded *pro se* throughout this appeal and the related bankruptcy court motions and hearings. During each hearing, the bankruptcy court was more than accommodating in assisting Lindemann's presentation of argument, documents, and testimony. She can and should expect nothing more in light of her decision not to retain her own counsel.

[3]Mann further argues that various procedural infirmities also require dismissal of this appeal. (Docket #11 at 3-4). The Court need not reach these concerns.